**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SHADROCK & WILLIAMS** | § | |
| **MASONRY, LTD.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-CV-00313** |
| | § | |
| **DELTA STONE PRODUCTS, INC.** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATED DISTRICT JUDGE:

Plaintiff Shadrock & Williams Masonry, Ltd. (Shadrock) respectfully files its Original Complaint against Defendant Delta Stone Products, Inc. (Delta) and would respectfully show the Court as follows.

**I.      Introduction and Summary**

1.      This case concerns a seller's effort to take advantage of an urgent situation by demanding exorbitant payment to finish performing its obligations under a contract.  Shadrock is the masonry subcontractor for the Fort Bliss Hospital Replacement Project (the Project).  Shadrock entered into a unit-price contract with Delta (the Supply Contract), under which Delta agreed to provide all of the stone required for Shadrock's scope of work on the Project.

2.      Since July 24, 2014, Shadrock has been placing orders for stone under the Supply Contract and Delta has been providing the stone at the unit price stated in the Supply Contract.  However, when Shadrock placed the final stone order on September 4, 2018,[1] Delta refused to

---

[1] Shadrock placed the final stone order by telephone on August 24, 2018.  Shadrock sent an email with the final stone order on September 4, 2018.

supply the stone unless Shadrock agreed to pay a 250% price increase plus an equipment fee of over $1,000,000.  Delta, who is the sole supplier of the type of stone Shadrock has already installed on more than 80% of the Project, is attempting to extort a windfall from Shadrock and, by extension, the United States Army Corps of Engineers—the owner of the Project.  Common law courts have rejected this tactic for more than 200 years:

> [I]f sailors were in all events to have their wages, and in time of danger entitled to insist on an extra charge on such a promise as this, they would in many cases suffer a ship to sink, unless the captain would pay any extravagant demand they might think proper to make.

*Harris v. Watson*, Peake 72, 170 Eng. Rep. 94 (King's Bench, 1791).  Shadrock respectfully requests the Court reject Delta's attempted extortion and enforce the Supply Contract against Delta.

## II.      Parties

3.      Shadrock is a limited partnership formed under the laws of the State of Texas. Shadrock's principal place of business is 10047 Floore Dr., Helotes, Texas 78028.

4.      Delta is a foreign corporation not registered to do business in Texas.  Delta's principal place of business is 2276 S. Daniels Rd., Heber City, Utah, 84032.  Pursuant to Federal Rule of Civil Procedure 4(h), Delta may be served in a manner provided by Texas law or by delivering copies of the summons and complaint to an officer or agent of Delta at its principal place of business.

## III.     Jurisdiction and Venue

5.      This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 excluding interest and costs.

**Plaintiff's Original Complaint**                                    Page **2** of **6**

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Specifically, the Project that is the subject of the Supply Contract and this lawsuit is located in this district.

**IV.    Statement of Facts**

7.      The United States Army Corps of Engineers entered into a contract (the Prime Contract) with Clark McCarthy Heathcare Partners II (CMHP) for the construction of the Project. In turn, CMHP entered into a contract (the Subcontract) with Shadrock, under which Shadrock agreed to perform the masonry scope of work for the Project.  Shadrock entered into the Supply Contract with Delta, under which Delta agreed to supply all stone necessary for Shadrock's performance of the Subcontract at an agreed-upon unit price and within an agreed-upon time.  The Supply Contract incorporated both the Prime Contract and the Subcontract.

8.      On July 24, 2014, Shadrock placed the first order of stone under the Supply Contract.  Since then, Shadrock has placed approximately 36 orders of stone under the Supply Contract and Delta has been continuously providing Shadrock with stone.  To date, Shadrock has paid Delta more than $6,600,000 under the Supply Contract.

9.      On September 4, 2018, Shadrock placed its final stone order under the Supply Contract.  The final order of stone is necessary to complete the masonry scope of work in the Subcontract; it does not represent a change in scope.  Nevertheless, Delta refused to provide the final order of stone in accordance with the terms of the Supply Contract.  Instead, Delta demanded a 250% increase to the unit price as well as an equipment fee of $113,000 per month, which would amount to more than $1,000,000 over the approximately ten months remaining for Delta to complete the Supply Contract.

**Plaintiff's Original Complaint**                                                      Page **3** of 6

## V.      Cause of Action

### A.      Breach of Contract

10.      The Supply Contract obligates Delta to supply all stone necessary for Shadrock to complete the Subcontract at the unit-price and within the time frame stated in the Supply Contract. Shadrock's final order for stone is part of Shadrock's scope of work under the Subcontract and therefore is part of Delta's scope of supply under the Subcontract.  Nevertheless, Delta has refused to provide the final order under the Supply Contract unless Shadrock agrees to pay a 250% increase in the unit price and an equipment fee of more than $1,000,000.  By refusing to deliver the stone necessary for Shadrock to complete its scope of work on the Project, Delta has repudiated and materially breached the Supply Contract.  Delta's material breach has caused Shadrock to begin to suffer economic damages.  If Delta persists in its material breach of the Supply Contract, Delta will continue to cause Shadrock to suffer economic damages.

### B.      Declaratory Judgment

11.      Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, Shadrock requests the Court declare the following:

    i.      the Supply Contract is a valid and enforceable contract between Shadrock and Delta;

    ii.     the Supply Contract obligates Delta to provide Shadrock with all stone necessary for Shadrock to complete its scope of work under the Subcontract;

    iii.    Shadrock's final order of stone is necessary for Shadrock to complete its scope of work under the Subcontract; and

    iv.     the Supply Contract obligates Delta to provide Shadrock with the final order of stone in accordance with the terms of the Supply Contract.

## VI.     Relief Requested

### A.      Specific Performance

12.      A court may award the remedy of specific performance when the plaintiff shows the defendant breached the contract, the plaintiff complied with the contract, and the plaintiff is

ready, willing, and able to perform. *DiDiuseppe v. Lawler,* 269 S.W.3d 588, 601 (Tex. 2008). Here, Delta breached the Supply Contract by failing to provide the final order of stone in accordance with the Supply Contract. Shadrock has fully performed the Supply Contract at all times and remains ready, willing, and able to complete its obligations under the Supply Contract.

13.     The remedy of specific performance is justified in this case because Delta is the sole supplier of the stone required to finish the Project. Pursuant to Texas Business and Commerce Code § 2.716, "[s]pecific performance may be decreed where the goods are unique or in other proper circumstances." Here, the goods in question—the stone Delta is obligated to supply under the Supply Contract—are unique because Delta is the sole supplier of this stone. Shadrock cannot use any other stone to complete the Project because Shadrock has already installed the Delta-stone on over 80% of the Project. Therefore, Shadrock has no adequate remedy at law and is entitled to specific performance. *See Sherwin Alumina L.P. v. AluChem, Inc.*, 512 F.Supp.2d 957, 969-971 (S.D.Tex. 2007) (holding buyer of good was entitled to specific performance from the seller under § 2.716 where the goods were unique and buyer needed the goods to continue operations).

### B.     Damages

14.     As a result of Delta's breach of the Supply Contract, Shadrock has begun to incur economic damages. If Delta persists in refusing to supply the final order of stone, Delta will continue to cause Shadrock to incur significant economic damages.

### C.     Attorneys' Fees

15.     Shadrock seeks to recover its reasonable and necessary attorneys' fees and expenses caused by Delta to the full extent permitted by law, including the Supply Contract, the Subcontract, the Prime Contract, applicable federal law, and Texas Civil Practices and Remedies Code Chapters 37 and 38.

## VII.  Conditions Precedent

16.     All conditions precedent to Shadrock's causes of actions and right to recover against Delta have been performed, excused, or waived.

## VIII.  Prayer

17.     Therefore, Shadrock requests Delta be cited to appear and answer and that the Court order Delta to:

i.      provide Shadrock with the final order of stone in accordance with the terms of the Supply Contract;

ii.     pay Shadrock all economic damages caused by Delta's failure to supply the final order of the Supply Contract; and

iii.    pay Shadrock all attorneys' fees and costs caused by Delta's failure to supply the final order of the Supply Contract.

Respectfully submitted,

COKINOS | YOUNG

*/s/ Stephanie O'Rourke*
Stephanie O'Rourke
State Bar No. 15310800
sorourke@cokinoslaw.com
Kyle A. Zunker
State Bar No. 24098665
kzunker@cokinoslaw.com
Cokinos & Young
10999 West IH-10, Suite 800
San Antonio, Texas 78230
(210) 293-8700 (phone)
(210) 293-8733 (fax)
**Attorneys for Plaintiff**
**Shadrock & Williams Masonry, Ltd.**